Brinkeriioee, O.J.
The plaintiff filed her petition in the common pleas of Seneca county, against Luther A. Hall and Cynthia Ann, his wife, for the assignment of dower in certain real estate situate in said county, and in the petition described, and for general relief. After judgment in the common pleas, the case was appealed to the district court, where it was reserved for decision in this court on the petition, answers, reply, and an agreed statement of facts.
Omitting matters of detail not material to the determination of the case, the facts as they appear from the pleadings and the agreed statement, are substantially these:
The plaintiff is the widow of Joseph Walker, the daughter of Josiah Hedges, deceased, and the sister of the defendant, Mrs. Hall. During her coverture with Joseph Walker, he at one time was seized in fee of the real estate in which she now claims dower. Under a judgment and execution against him this real estate was sold and conveyed by the sheriff; and the title acquired by the purchaser at sheriff’s sale, was, by subsequent sales and conveyances, finally vested in the plaintiff’s father, Josiah Hedges; the plaintiff having never released her inchoate right of dower. And thus the title remained until the death of Josiah Hedges, who died testate, and whose will was admitted to probate in July, 1858. By this will, among many other things not material to the question before us, he devised a considerable real estate, including that in which *360 dower is here claimed, equally (subject to deduction for advancements), among such of his children as were living, and the heirs of such as were dead.
In April, 1859, Joseph Hall and his wife, the plaintiff here, joined with other devisees of Josiah Hedges in an action against Hall and wife and still other of the heirs and devisees of Josiah Fledges, for an.account of advancements and the partition of the real estate devised to the parties in common.
Partition was had accordingly; the premises in which dower is here claimed being assigned to Mrs. Hall as her share. The partition as made by the commissioners and confirmed by the court, was in accordance with an agreement amicably made among the parties to the partition; and neither in the will of Josiah Hedges nor in the proceedings for partition, is there any mention or reference to, the plaintiff’s inchoate right of dower.
Afterward, in January 1861, Joseph Walker died; and in March following, this petition was filed.
On this state of fact, is the plaintiff entitled to dower? We think she is; subject, however, to the right of her sister, Mrs. Hall, to such a contribution by all parties, to make good the loss she sustains by reason of the plaintiff’s assertion of her title to dower, as will be equivalent to a new partition. And we will briefly notice the considerations which have been urged against this conclusion.
1. True, it is a well-settled doctrine of the law, that “no one is permitted to claim under, and, at the same time, adverse to a will. If the testator assumes to dispose of property belonging to the devisee or legatee, the latter, accepting the benefit, must also make good the testator’s attempted disposition.” White v Brocaw, 14 Ohio St. Rep. 339. And if it were apparent upon the face of the will of Josiah Hedges, or from the terms of the will taken in connection with surrounding circumstances, that he intended by his will to dispose of the premises in controversy here as if freed from the plaintiff’s possibility of dower therein, she, claiming the benefits of the will, would, I suppose, be precluded from asserting her *361 claim. But the devise under which all these parties claim is a general one ; and there is nothing in the terms of the will to indicate that the testator intended to devise, in respect to these premises, any other title than that which he held, to-wit, the fee simple, subject to his daughter’s possibility of dower therein.
2. The plaintiff’s claim is not barred by the proceeding in partition regarded as an adjudication. It is not res adjudieata. That proceeding was, throughout, silent in respect to the plaintiff’s inchoate right of dower, and very properly so; for she then had not only no estate, but no right capable of being asserted in action. What she had was a mere possibility, which might, or might not, subsequently ripen into something of value.
3. Is the plaintiff precluded from asserting her claim to dower in a portion of the lands partitioned among her and her co-devisees, by the mutual warranty which the law implies as arising and subsisting inter se, between parties to a partition so long as the privity of estate continues between them ? This is a serious question, and one not free from difficulty. That such warranty, as a general rule, exists at common law, is clear from the old books. “ If the purparty of one parcener be evicted by a title paramount, the partition shall be defeated ; for the partition imports a warranty and condition, in law, that the one shall enter upon the other and enjoy her part in parceny, if she be evicted, as long as the privity between them continues.” Comyn’s Dig. title “ Parcener,” (C. 13); Co. L. 173 b, and 174 a. “ Applying this common law duty of co-tenants to aid each other in protecting what had been a common estate, even after partition made, the law holds it incompatible with their duty toward each other for either to become the demandant in a suit to recover any portion of the land by a paramount title, and thus to place himself in antagonism to his co-tenants and their common warrantor.” “ And where partition has been made by law, each partitioner becomes a warrantor to all the others, to the extent of his share, so long as the privity of estate continues between *362 them. And inasmuch as a warrantor can not claim against his own warranty, no tenant after partition made can set up an adverse title to the portion of another for the purpose of ousting him from the part which has been parted off to him.” 1 Washburn on Real Property, 431-2; Venable v. Beauchamp, 3 Dana, 321; Feather v. Strohoecher, 3 Penn. R. 505 ; Jones v. Stanton, 11 Misso. R. 433.
That these are the established general rules bearing upon the question under consideration must be admitted; and it is equally clear that when they are applied to the ordinary case of the acquisition by purchase of an independent, adverse, and paramount title by one co-tenant, and its assertion by him against another after partition, the operation of these rules is equitable and just. In such case, it is but just that the purchaser of the adverse title should be held to have purchased for the common benefit of all parties to the prior partition, and that his rights under such purchase should be limited to a claim for contribution against his late co-tenants, to reimburse him for his expenditure for the common benefit. 4 Kent, 371, notes. And except the case of Woodbridge v. Banning, 14 Ohio St. Rep. 328. I have not been able to find a case in which any exception to the application of these general rules has been recognized. But the cases in which the doctrine of implied warranty between partitioners has been invoked and applied are few; and all of them present the simple case of a voluntary purchase (after partition made, and before eviction by adverse paramount title) of an adverse and paramount title, and the attempt to assert such title against co-partitioners. But this is not such a case. As in Woodbridge v. Banning, supra, this is a case in which, by the operation of law and the act of Grod, there has, subsequent to the partition, ripened, in favor of the demand-ant, a title which potentially existed in her at the time of the partition, but which was then inchoate and incapable of being asserted. In none of the other cases were the facts analogous to the facts in this ; and the question as to whether the common law doctrines of implied warranty between co-parti *363 tioners apply to a case of this kind, did not in them arise Moreover, it seems to me to be not unworthy of notice, that the doctrines of implied warranty and consequent estoppel between co-partitioners, originated at common law; and, though based on considerations of natural equity, they were long applied only in proceedings at common law by writ of partition. That form of proceeding is now obsolete, and ha.s never had a place in the practice of our courts; it being superseded by proceedings in equity, and under special statutes. And it seems to us, that when the principles of the common law are, as here, invoked as guides to proceedings in equity, they ought to be applied only so far as the ends of justice will allow. The warranty under consideration is not a warranty in fact, but a warranty by implication of law only. The law raises the implication for the attainment of justice; and the implication should cease wherever its application will work injustice. To hold Mrs. Walker estopped to claim dower in this case by reason of an implied warranty, would be unjust to her; hut to award it to her in accordance with the provisions of our statute in respect to improvements made subsequent to alienation by the husband, and decreeing contribution by all the co-partitioners to recompense Mrs. Hall for the loss of her equal proportion of the estate, exclusive of the dower estate of Mrs. Walker, will do justice to all. And, all the parties to the partition having been brought into this case, there will be a decree accordingly.
The case of Woodbridge v. Banning, before referred to, was closely analogous to this. There a partition was had between parties as heirs of Anthony Banning, deceased. Subsequently a spoliated will of the common ancestor was established and admitted to probate. And in an action by a devisee' under the will, who had been a party to the proceeding in partition, to recover lands which the partition had assigned to other parties, he was held not to be estopped by the proceedings in partition. I think I am not mistaken in saying, however, that in that case the' common law doctrine of implied warranty between co-partitioners escaped the attention of *364 the court. Had it been otherwise, the reasons given for the decision would probably have been modified; but the decision would have been the same.
Decree for plaintiff.
Scott, Day, White, and Welch, JJ., concurred.